IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

PARI RESPIRATORY EQUIPMENT, INC.

                           Plaintiff,

    v.                                                Civil Action No. 3:07–CV–446

BRIAN GROSKOPF,

                           Defendant.

### **MEMORANDUM OPINION**

Plaintiff PARI Respiratory Equipment, Inc. asks the Court for a preliminary injunction barring Defendant Brian Groskopf, a former employee of PARI, from divulging or using the company's confidential information. For the reasons discussed below, PARI's request shall be DENIED.

**1.    Background**

From February 2006 to March 2007, PARI employed Groskopf as its Director of Device Marketing and Strategy. His duties included identifying customers and developing marketing and pricing strategies. To perform his job, Groskopf used information about PARI's customers, products, and prices. PARI alleges that the data Groskopf used cannot be re-created easily from publicly-available data, and that it constitutes trade secrets, since it was kept confidential and protected by several security measures.

When PARI hired Groskopf, he signed a confidentiality agreement, promising to protect the company's confidential information and to use it solely for the purpose of carrying out his duties to

PARI. In addition, Groskopf acknowledged that he understood the company's confidentiality policy stated in its company handbook. When Groskopf left PARI, he signed a release that affirmed the confidentiality agreement that he signed when he was hired. He agreed not to divulge any confidential information that he obtained while he worked for the company, and he promised to return all of PARI's property that was in his possession. The scope of the agreements that Groskopf signed was broad, but they did not cover documents that Groskopf created. In addition, Groskopf did not agree to refrain from competing with PARI.

Several months after Groskopf left PARI, on July 16, 2007, he sent an e-mail to Michael Campagnoli, another former employee of PARI. Groskopf asked for a document, the "DME/Pharmacy target list," that PARI alleges contained information about PARI's current and prospective customers, products, and pricing. Groskopf inadvertently sent the message to Campagnoli's PARI e-mail account, however, alerting the company to his request. Thus, on July 18, PARI asked Groskopf to meet with representatives of the company to discuss his activities. Groskopf refused to co-operate, alleging that he had not done anything wrong, and PARI filed this suit.

In its motion seeking a preliminary injunction, PARI asked the Court to enjoin Groskopf from (1) from using or disclosing any of PARI's confidential information, or threatening to do so; and (2) engaging in business with any of PARI's customers or competitors about whom he possessed confidential information; as well as requiring Groskopf (3) to return to PARI all of the company's confidential information that is in his possession; (4) to preserve all of the information that is currently stored on his computers and other electronic devices; and (5) to provide PARI with the

names of all of its employees, customers, and competitors with whom Groskopf has had contact since March 30, 2007.

In response, Groskopf alleges that he created the "DME/Pharmacy target list" after he stopped working for PARI, using the internet and industry publications, and thus that it is not protected by any of the confidentiality agreements he signed. He also alleges that the document is a list of contacts at distributors and purchasers of medical devices, and that it does not contain any information about PARI's products, prices, or strategies. Moreover, Groskopf contends that Campagnoli could not have given him any documents belonging to PARI since Campagnoli did not receive his e-mail, and since Campagnoli no longer worked for PARI.

Finally, Groskopf argues that forcing him to disclose to PARI the names of its employees, customers, and competitors with whom he has had contact would undermine his attempt to start a new business – advising the manufacturers of medical devices about design and marketing – by enabling PARI to contact his prospective clients. In effect, he argues, an injunction would create a covenant not to compete, preventing him from participating in his former employer's industry.

**2.    Analysis**

The purpose of a preliminary injunction is to prevent irreparable harm from occurring before a court judges the merits of a case. In re Microsoft Litig., 333 F.3d 517, 525 (4th Cir. 2003). It is "an extraordinary remedy," one "to be granted only sparingly." Id. at 524. A court deciding whether to issue a preliminary injunction must weigh four factors: (1) the likelihood of irreparable harm to the plaintiff if its request for relief is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits of its

claim; and (4) the public interest. Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193 (4th Cir. 1977); accord Okocha v. Adams, 2007 WL 2004967, slip op. at 1 (4th Cir. July 9, 2007). The party seeking the preliminary injunction bears the burden of proving that each factor supports granting relief. Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991).

The Supreme Court has not specified the order in which a court should analyze those factors, nor the weight it should give them. See Globe Nuclear Svcs. & Supply, Ltd. v. AO Techsnabexport, 376 F.3d 282, 287 (4th Cir. 2004). In some decisions, the Fourth Circuit has declared that the first two factors – the "balancing of harms" test – are the most important, Direx Israel, 952 F.2d at 812, but in other opinions it has cautioned that focusing on those factors is contrary to Supreme Court precedent, see Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002). Moreover, one court in the Fourth Circuit recently ruled that if a party proves that it is likely to succeed on the merits of its claim, its burden of proving that it is likely to suffer irreparable harm is decreased. See Arminius Schleifmittel GmbH v. Design Indus., Inc., 2007 WL 534573, slip op. at *6 (M.D.N.C. Feb. 15, 2007).

On any of these approaches, PARI has not satisfied its burden of proof. First, PARI has not shown that it is more likely to suffer harm without a preliminary injunction than Groskopf is likely to be injured if he is forced to comply with PARI's demands. The company contends, correctly, that the improper use or disclosure of confidential information constitutes irreparable harm (i.e., an injury that monetary damages cannot adequately remedy). See Ruckelhaus v. Monsanto Co., 463 U.S. 1315, 1317 (1983). But, while PARI has shown that any harm it suffers is likely to be irreparable, it has not shown that it is likely to suffer any harm. PARI's claims are based on a single e-mail that was addressed to a person who no longer worked for PARI, does not contain unequivocal

4

evidence that Groskopf attempted to obtain the company's confidential information, and was never received by its intended recipient.

In contrast, the relief PARI requested is overreaching. Forcing Groskopf to disclose the names of his recent contacts to PARI would likely undermine his efforts to start a consulting business, either by dissuading prospective customers from hiring him or by providing PARI with information that would damage his competitive position – precisely the type of damage that PARI claims it faces. As PARI argues, preventing Groskopf from using information that he unlawfully obtained does not constitute an injury. But, the conclusion that PARI asks the Court to draw, that granting a preliminary injunction is unlikely to harm Groskopf, is warranted only if Groskopf acted wrongly. And, on that issue, the focus of this dispute, PARI relies heavily on speculation, offering the Court little evidence to support its allegations.

Moreover, PARI's failure to provide strong evidence that Groskopf violated any of the agreements that he signed, or acted wrongly in any other way, casts doubt on PARI's ability to prove the merits of its claim. Whether PARI is likely to succeed on the merits of the claim, the Court lacks any clue. The Court knows only that Groskopf asked for a list, which the parties do not dispute that he created, and which is for that reason not covered by the confidentiality agreements Groskopf signed.

PARI claims that because the first two factors weigh "decidedly" in its favor, it does not have to prove that it is substantially likely to succeed on the merits of its claim. While some Fourth Circuit opinions state that a party satisfying the "balance of hardships" test must show only that a "serious" question exists, see, e.g., Blackwelder, 550 F.2d at 196, the evidence that PARI has provided is not sufficient to satisfy even that lower standard. Without further evidence of

wrongdoing by Groskopf, the Court cannot conclude that PARI is likely to prevail on the merits of its claim.

Finally, it is in the public interest to allow a person to start a new business without interference by his former employer, in the absence of an agreement prohibiting him from doing so or stronger evidence of wrongdoing than PARI presented.

**3.     Conclusion**

The evidence PARI presented does not warrant issuing a broad injunction at this stage of the proceedings. Accordingly, PARI's request shall be DENIED.

It is SO ORDERED.

```
                              /s/
       James R. Spencer
       Chief United States District Judge
```

ENTERED this   17th   day of September 2007